(139 App. Div. 428.)

ALLEN v. GRAY et al.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

JURY (§ 13\*)—RIGHT TO JURY TRIAL—EQUITABLE ACTION—ACTION BY TRUSTEE IN BANKRUPTCY TO AVOID FRAUDULENT TRANSFER.

    Since Bankruptcy Act (Act July 1, 1898, c. 541, § 70e, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3452]), providing that the trustee may avoid any transfer by the bankrupt which any creditor of such bankrupt might have avoided as fraudulent, provides no form of action by which the trustee is to enforce such right, he is limited to the form of action by which creditors must enforce similar rights, and the action is in equity, and plaintiff is not entitled to a jury trial; that the complaint demands judgment for a sum of money being immaterial.

    [Ed. Note.—For other cases, see Jury, Cent. Dig. § 73; Dec. Dig. § 13.\*]

    McLaughlin and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by G. Edgar Allen, as trustee in bankruptcy, etc., against William H. Gray, as executor, etc., and John Boyd Gray, as administrator, etc., of Mary J. Gray, deceased. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

See, also, 63 Misc. Rep. 219, 115 N. Y. Supp. 928, and 123 N. Y. Supp. 1104.

---

\*For other cases see same topic & § NUMBER in.Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and BOWLING, JJ.

Albert O. Briggs, for appellant.

Abraham Benedict, for respondents.

INGRAHAM, P. J. William H. Gray, the bankrupt, was in business as a dealer in wagons and carriages at Nos. 20 and 22 Wooster street in the city of New York. He was also, with his mother, an executor of the estate of his father, William Gray, and a trustee under certain trusts in his father's will. He had become indebted to the trust estate, and on September 1, 1898, the bankrupt executed a bill of sale to William H. Gray and Mary J. Gray, as executors and trustees of the estate of William Gray, deceased, by which he transferred to said estate certain carriages and harnesses which had constituted part of the bankrupt's stock in trade. This merchandise was contained in a store which belonged to his father's estate and which the bankrupt had occupied under a lease from the estate and for which he had agreed to pay rent. Subsequently, on October 3, 1898, the bankrupt made a general assignment for the benefit of creditors, and the assignee took possession of the assigned estate, not, however, including the merchandise transferred to the estate by the bill of sale executed on September 1, 1898. On the 19th of January, 1899, a petition in bankruptcy was filed, and on the 18th of February, 1899, William H. Gray was duly adjudicated a bankrupt, and subsequently plaintiff was appointed his trustee in bankruptcy. In March, 1904, this action was commenced; the complaint alleging that the general assignment for the benefit of creditors and the transfer of the merchandise to the estate of William Gray was made and intended to hinder and delay and defraud the creditors of William H. Gray, and that the pretended transfer to defendant, as representing the estate of William Gray, was a "fraudulent scheme and covinous transaction arranged and carried out by the defendants to hinder, delay, and defraud the creditors of said William H. Gray, was fraudulent and void as against his said creditors, and made in contemplation of his bankruptcy"; that the property so transferred was of the value of $14,000, and the complaint demands judgment for $14,000.

An answer was interposed, and plaintiff noticed the case for trial at a Trial Term of the court. Subsequently at Trial Term the defendant moved to transfer the cause to the Special Term for trial, which motion was granted, and on November 29, 1907, an order was entered transferring the cause to the Special Term for trial. Plaintiff did not appeal from that order, but brought on the case for trial at Special Term. When the case was called, the plaintiff moved that the case be sent to a jury for trial on the ground that the plaintiff had a right under the Constitution to a jury trial. The order transferring the case to Special Term was put in evidence, the motion dismissed, and plaintiff excepted.

On this appeal plaintiff insists that the judgment should be reversed because he was denied the right to a trial by jury. Assuming that

the question is presented, I think the action was in equity. The complaint alleges an assignment of certain personal property by the bankrupt and a general assignment for the benefit of creditors; that these assignments and transfers were made with intent to hinder, delay, and defraud creditors of the assignor and were fraudulent and void as against his creditors. These assignments and transfers were good as between the assignor and the assignee, but could be attacked by creditors; and the trustee in bankruptcy brings this action to enforce the rights of the creditors. Until the creditors or the plaintiff, acting in their right, elected to avoid the transfer, it was good as to every one. It might be that it would have been for the benefit of the estate to have confirmed the transfer to the defendant, and thus satisfy the defendant's claim against the assigned estate. If a creditor wished to avoid the assignment or transfer, he could have commenced an action at law against the assignor, and on recovery of judgment issued an execution under which the sheriff could have levied on the property transferred, and in an action brought against the sheriff could set up the invalidity of the transfer, or he could by a creditor's bill set up the transfer, allege that it was void as against creditors, and ask to have the property fraudulently transferred applied to the payment of his judgment. There can be no doubt but that this action would have been in equity. If this action was brought by a judgment creditor, it could only be sustained as a creditor's action to avoid the transfers as fraudulent and to satisfy the claim out of the assigned property. The action is, however, by the trustee in bankruptcy; but, as I understand the bankrupt law, the trustee, when not seeking to enforce the rights of the bankrupt, but when acting in the right of the creditors and to enforce their right, individually or collectively, to have property transferred in fraud of such right applied to the payment of the debts of the bankrupt, must adopt the remedies by which the creditors could obtain such relief. The transfer having been made more than four months prior to the date of the filing of the petition in bankruptcy, it could not be attacked as a preference, under section 60 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), and the action could only be maintained under section 70 of the act. By subdivision "a" of that section, the trustee is vested by operation of law with the title of the bankrupt to all property transferred by him in fraud of creditors. This would not vest in the trustee the title of property which the bankrupt had transferred and which had vested in the transferee prior to the adjudication in bankruptcy, but subdivision "e" provides that the trustee may avoid any transfer by the bankrupt which any creditor of such bankrupt might have avoided, and may recover the property so transferred or its value from the person to whom it was transferred or from whoever may have received it, except a bona fide holder for value. This provision seems to give to a trustee a cause of action to enforce the rights against the bankrupt's property that the bankrupt's creditors had before the adjudication. It is only a transfer which a creditor might have avoided that a trustee may avoid. There is no provision as to the form of action by which the trustee is to enforce the right

given to him, and, when he comes into the courts of a state to enforce the creditor's rights, it would seem as if he were limited to the forms of action by which creditors are entitled to enforce the rights that are by this section of the bankruptcy act given to the trustee. While the complaint demands judgment for a sum of money, that is not material, as, before plaintiff could have such a judgment, he must have a judgment avoiding the transfer, and the necessity of that relief makes the action one in equity. I think, therefore, the court correctly held that the action was triable at Special Term.

The court on the trial found that at the time of the transfer said William H. Gray individually was justly and honestly indebted to the estate of William Gray, deceased, to an amount of at least $10,-834.27; that the transfer of this property was made by the bankrupt in payment of such indebtedness, and was accepted by the executors and trustees of said estate as and for such payment; that there was an immediate and actual and continued change of possession of said merchandise, the fair market value of which was $8,400; that the transfer was not made by the bankrupt with the intent to hinder, delay, or defraud his creditors, but was made by him and accepted by the transferees in good faith for the sole purpose of paying the indebtedness owing by the said bankrupt to the estate of William Gray; and that the transfer was not made within four months preceding the filing of the petition in bankruptcy. An examination of the evidence has satisfied me that these findings are sustained. There is no reasonable doubt that the bankrupt was actually indebted to the estate of which he was a trustee in an amount exceeding the value of this property, and that this transfer was intended to satisfy his indebtedness to the estate. A representative of the estate took actual possession of the property transferred. The proceeds of its sale have actually been received by the estate; and, the court having been satisfied of the good faith of the transaction, I see no reason why we should disturb the determination.

It follows, therefore, that the judgment should be affirmed, with costs.

SCOTT and DOWLING, JJ., concur. McLAUGHLIN and LAUGHLIN, JJ., dissent on the ground that plaintiff is entitled to a jury trial.